Samuel Polakow, Appellant, v. B. A. Leafgreen, Appellee.

Gen. No. 17,080.

1. MASTERS IN CHANCERY—*stipulation of solicitors as to fees.* Under the statute relating to the fees of masters, the fees for examining the issues and reporting conclusions are wholly within the court's discretion and the maximum fee for taking testimony is fixed, and the solicitors in a case have no power to bind the court by stipulating as to the amount of such fees.

2. MASTERS IN CHANCERY—*effect of words in finding concerning a stipulation of solicitors as to fees.* Where the solicitors in a case stipulate that the master's fees shall be three hundred dollars and the master finds the just fee for examining the issues and reporting his conclusions thereon to be three hundred dollars "pursuant to the stipulation," such words do not control the court but merely serve the purpose of an estoppel of record upon the solicitors.

3. APPEALS AND ERRORS—*finding of chancellor.* On appeal from an order as to the costs of a hearing before a master it must be assumed that there was sufficient evidence before the chancellor to justify his finding as to the intent of a stipulation as to such costs, where there is nothing before the court indicating the agreement except the language of the stipulation.

FITCH, J., dissenting.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 3, 1913.

H. J. ROSENBERG, for appellant.

PARKER & HAGAN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from the order of the chancellor in the Circuit Court, touching the costs of a hearing before a master in chancery. The findings on this point in the decree entered by the court are as follows:

"7th. That pursuant to the stipulation of the parties to said cause the court finds that the just fee of the Master in Chancery for examining the issues referred to him, and reporting his conclusions thereon, is $300, and for taking the testimony of the defendant $68.25."

Appellant objects to the item of $68.25 allowed for taking the testimony of the defendant. It is not claimed that this amount is in excess of the fees allowed by statute for such services, but it is said that this item should be included in the amount of $300 allowed for examining the issues and reporting conclusions, because that was the agreement of the parties, as appears from the following stipulation:

"It is hereby stipulated and agreed by and between the solicitors for the respective parties hereto that the Master's fee in the above entitled cause shall be taxed at the sum of Three Hundred Dollars ($300).

(Signed) H. J. ROSENBERG,
Solicitor for Complainant.
(Signed) PARKER & HAGAN,
Solicitors for Defendant."

It is claimed that it was the understanding between the attorneys that $300 was to cover all the services of the master, including the taking of testimony. Under the statute, masters are entitled to receive "for examining questions in issue referred to them, and reporting conclusions thereon, * * * such compensation as the court may deem just," and also a reasonable allowance not to exceed 15 cents per hundred words for taking testimony. It is apparent, therefore,

that the amount of fees for taking testimony is fixed by statute and, as was said in Schnadt v. Davis, 185 Ill. 476 (484), "no more can be legally demanded of the parties, or either of them, for or on account of such services. Nor has the court power to order the payment of a greater sum or allowance for such service." It is equally apparent that the fee for examining the issues referred to a master, and reporting conclusions thereon, is wholly within the discretion of the court, who fixes the compensation at an amount which he deems to be just. The solicitors have no power to bind the court by stipulating as to the amount of such fees. The basis of the court's allowance is the justness of the fees, and not the stipulation of the solicitors. In this case the court found "that the just fee of the Master in Chancery for examining the issues referred to him, and reporting his conclusions thereon, is $300." The words in the finding, "pursuant to the stipulation," do not control the court, but merely serve the purpose of an estoppel of record upon the solicitors. Futhermore, the court found that it was not the agreement and understanding of the parties to the stipulation that $300 was to cover both the fee for examining the issues and reporting conclusions, and also for taking the testimony. This appears from the language of the finding of the court. There is nothing before us indicating the agreement of the parties except the language of the stipulation. We must therefore assume that there was sufficient evidence before the chancellor to justify his finding as to the intent of the stipulation. We find no abuse of discretion by the chancellor, and therefore his conclusion will not be disturbed, and the decree in this respect will be affirmed.

*Affirmed.*

Fitch, J., dissenting: I agree with the view expressed in the opinion of the majority of the court that "solicitors have no power to bind the court by stipulating as to the amount of such (master's) fees," and I do not disagree with the chancellor's interpreta-

tion of the stipulation. But in my opinion, the words, "pursuant to the stipulation of the parties, the court finds that the just fee of the master    *    *    *    is $300," etc., show affirmatively that the court made its finding in this respect solely upon the stipulation as construed by the court, and not upon evidence heard or upon its own knowledge of the value of such services. For this reason, I think the decree should be reversed and the cause remanded.